■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SHACK, Appellant.—Judgment, Supreme Court, New York County, rendered May 5, 1975, convicting defendant of criminal sale of a controlled substance in the second degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts) and sentencing the defendant for the sale counts to two concurrent terms of six years to life, and for the possession counts to two terms of one year, to run concurrently, unanimously reversed, on the law, and the matter remanded for a new trial. At the close of the People's evidence at the trial, the defendant claiming lack of probable cause to sustain the legality of the arrest, moved to dismiss the possession counts. Although having properly found probable cause in a pretrial hearing concerning the arrest, the court nevertheless ruled that such evidence was required at trial in order to sustain the legality of the arrest, and, over the objections of the defendant, the People were allowed, despite their own expressed trepidation, to prove probable cause *in the presence of the jury*. Thus, the arresting officer testified with respect to the hearsay information which led to the arrest. that he received from his confidential informant, who did not testify at the trial. The defendant moved for a mistrial because of this hearsay evidence and complained that necessarily the cross-examination with respect thereto would be prejudicial, as it undoubtedly was. The equivalent of a *Wade* hearing (388 US 218), should not be conducted in the presence of a jury. We have examined the other issues raised on this appeal and find them without merit. (See *People v Morales,* 37 NY2d 262, 271; *Manson v Brathwaite,* 432 US 98.) Concur—Kupferman, J. P., Capozzoli, Lane and Markewich, JJ.

■ RENEE M. LANDIS, Respondent, v ROBERT LANDIS, Appellant.—Order, Supreme Court, New York County, entered February 4, 1977, denying defendant's motion to vacate a judgment of divorce previously entered in the within action, unanimously reversed, on the law, on the facts and in the exercise of discretion, said motion granted and the judgment vacated, without costs and without disbursements. Defendant's answer is deemed served as of the date of the entry of the order hereon. The appeals from the orders of said court entered on December 10, 1976 and January 5, 1977, are unanimously dismissed as academic, without costs and without disbursements. In this matrimonial action, it is clear that the defendant did not abandon the defense of the action and that there was no willful default on his part. Concur—Kupferman, J. P., Capozzoli, Lane and Markewich, JJ.